NATIONAL VENEER & LUMBER COMPANY, INC. *v.* CRISP ET AL.

[No. 17,539.   Filed April 28, 1947.]

*Pell & Pell,* of Shelbyville, and *Parr, Parr & Parr,* of Lebanon, for appellant.

*Ernest R. Stewart,* of Lebanon, for appellee.

FLANAGAN, J.—Appellee obtained a personal judgment against appellant in a court of general jurisdiction in the State of Kentucky. Action on that judgment was then begun in the State of Indiana. The result was judgment for appellee and from that judgment this appeal is taken. The sole question is whether the Kentucky court obtained personal jurisdiction of appellant.

The return to the summons issued by the Kentucky court shows "Executed on the 13th day of August 1941 in Knott County, Kentucky by delivering to R. G. Elmer, in person, a true copy in writing of the within summons, he the said R. G. Elmer being an agent of the within named defendant National Veneer & Lumber Co."

Appellee says that the applicable Kentucky statute authorized the service of summons on the manager or agent or person in charge of the business of appellant in Knott County, Kentucky. Appellant says that the applicable statute, if appellant could be sued in Kentucky at all, required the service of summons on appellant's chief officer or agent. For the purpose of the decision, we will assume that appellee is correct in its contention and proceed to determine whether R. G. Elmer was at the time the summons was served the

manager or agent or person in charge of appellant's business in Knott County, Kentucky.

It appears from the evidence that appellant is an Indiana corporation with its principal place of business in Marion County, Indiana. For some time prior to August, 1941, it was the owner of certain timber in Knott County, Kentucky. R. G. Elmer was engaged in the business of timber cutting in Knott County, Kentucky. In August, 1941, appellant entered into an agreement with Elmer by the terms of which Elmer was to cut and strip the timber and load it on cars for shipment to Indiana for $35 per thousand feet. Elmer used his own equipment, employed his own labor and was not subject to any control by appellant.

In the case of *Harmount & Woolf Tie Co.* v. *Baker* (1933), 251 Ky. 795, 66 S. W. (2d) 45, the following definition of an independent contractor was approved:

> " 'A contractor is any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all details.' . . . 'The true test of a contractor would seem to be that he renders service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished.' "

It is clear that under his contract with appellant Elmer's status was that of an independent contractor.

Appellee says that regardless of his status under this contract Elmer was nevertheless also the agent of appellant or in charge of their business because (1) he cut timber not mentioned in the contract, (2) paid bills for appellant which he was not required to do under

his contract, (3) he consulted with appellant's lawyers and with its officers about impending trouble with appellee, and (4) he counted certain trees other than those involved in his contract.

As to the cutting of timber not mentioned in his contract the evidence shows that he did cut trees on another tract on the same terms as his original contract. This did not change his status.

There is no evidence that he had paid, had attempted to pay, or was authorized to pay any bills for appellant prior to the time he was served with summons. On August 7 and again on August 10 he wrote appellant that he could not remove their logs until certain bills contracted by a prior cutter had been paid. On August 13, after he was served with summons, he wrote again about these bills and stated that he would pay them and appellant could repay him. There is nothing here from which any agency could be inferred nor could it be inferred that Elmer was in charge of appellant's business.

It is true that after the summons was served he consulted with appellant's attorneys and its officers about the suit and counted the trees involved in that action. He had been enjoined from cutting the timber and he was endeavoring to get the action settled so that he could go ahead with his work. There is here no evidence of agency or of being in charge of appellant's business. Besides, this all happened after the service of the summons.

We can only conclude that there is no evidence from which it could be inferred that at the time the summons was served Elmer represented appellant in such manner that service of process could be had upon him.

Appellants also contend (1) that the return of the

sheriff was insufficient and (2) that appellant was not doing business in the State of Kentucky. However, in view of the above conclusion it does not seem necessary that we give consideration to these questions.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 72 N. E. (2d) 576.